CHARLES G. LUTZ, PLAINTIFF-APPELLANT, v. H. WILSON RYNO, DEFENDANT-RESPONDENT.

Submitted May 4, 1948—Decided August 9, 1948.

Before Justices BODINE and JACOBS.

For the plaintiff-appellant, *Abraham M. Herman.*

For the defendant-respondent, *Egner & Beatty.*

The opinion of the court was delivered by

JACOBS, J. This is an appeal from a judgment of the District Court of the Essex County Judicial District in favor of the defendant.

In December, 1942, the plaintiff was employed by the defendant as a salesman at a weekly salary of $75 plus expenses. In January, 1943, the employment arrangements were modified. The plaintiff testified that, at that time, the defendant agreed to pay him, in addition to his weekly salary, a commission or bonus of one per cent. on gross sales. The defendant testified that his agreement was to pay the plaintiff a bonus of one per cent. of total sales "if and when I could afford it."

In May, 1943, the plaintiff received from the defendant a check representing one per cent. of his gross sales for the quarterly period ending March 30th, 1943, less proper withholdings. Thereafter, the plaintiff received similar payments for each quarterly period up to and including the first quarterly period of 1945. No payment was received by the plaintiff for the second quarterly period of 1945 and under date of August 23d, 1945, he received a letter from the defendant reading as follows: "Due to the recent change of events and the possibility of the slackening of business together with the possibility of renegotiation on my business, it will be necessary for me to discontinue the quarterly bonuses. This will have to take effect as of the payment of your last bonus check."

The plaintiff does not assert any claim on the basis of sales made on or after August 23d, 1945, the date of the aforementioned letter. He does, however, claim that he is entitled to one per cent. on sales made by him after March 30th, 1945, and prior to August 23d, 1945, which the parties agree would amount to $432.15 after deduction of proper withholdings.

We believe that the plaintiff's claim is well founded. The bonus arrangement entered into in January, 1943, was not, in any real sense, a gratuity from the employer to the employee. It was an inducement to stimulate the employee's sales activity and he continued his employment in reliance

upon it as a term of his employment. *Cf. Donnellan* v. *Halsey (Court of Errors and Appeals, 1935), 114 N. J. L. 175.* Since the employment was at will, the employer could undoubtedly terminate the arrangement as he did on August 23d, 1945. This termination, however, could not operate to disentitle the employee to payment on sales theretofore completed by him. See *Myers* v. *J. Wiss & Sons Co. (Court of Errors and Appeals, 1922), 94 N. J. Eq. 189, 192.*

The defendant places reliance on his testimony that he would continue to pay the bonus only if he could afford it. See *Williston on Contracts,* § 804 (1936). Accepting the defendant's version of the arrangement, there is nothing in the record to indicate that any change in his business or earnings had occurred prior to August 23d, 1945, which could justify his refusal to pay the bonus on the sales theretofore completed. On the contrary, his letter of termination, written shortly after the cessation of hostilities with Japan, indicates that he was discontinuing his bonus arrangement, not because of any absence of present means or ability to pay, but because of a prospective reduction in business which had not yet occurred. This anticipated circumstance would not furnish any basis whatever for non-payment of the bonus payable on sales theretofore completed by the plaintiff. *Cf. Myers* v. *J. Wiss & Sons Co., supra.*

The judgment of the District Court is reversed.